UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EDWARD J. VAN LOAN,

                     **Plaintiff**,

     v.                                                               05-CV-1326

HARTFORD ACCIDENT AND
INDEMNITY COMPANY,

                     **Defendant**.
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

### I. INTRODUCTION

Plaintiff Edward J. Van Loan ("Plaintiff") commenced this action in state court alleging breach of an insurance contract by Defendant Hartford Accident and Indemnity Company ("Defendant"). See Compl. [dkt. # 1]. Defendant removed the action to this court based upon diversity jurisdiction. See Not. of Removal [dkt. # 1]. Defendant now moves for summary judgment pursuant Fed. R. Civ. P. 56 seeking to dismiss the entire action. For the reasons that follow, that motion is granted and the action is dismissed.

### II. STANDARD FOR SUMMARY JUDGMENT

It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 592 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and ... the moving party is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A party seeking summary judgment bears the burden of informing the Court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). While the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor, Abramson v. Pataki, 278 F.3d 93, 101 (2d Cir. 2002), a party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d. Cir. 1998). Further, a party cannot rely on inadmissible hearsay in opposing a motion for summary judgment. Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 924 (2d Cir. 1985)(citations omitted); see also Hollander v. American Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999), abrogated on other grounds, Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000)( "A court may [ ] strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain

inadmissible hearsay or make generalized and conclusory statements."). As one legal treatise has succinctly stated, summary judgment requires the parties to "put up or shut up." <u>Weinstock v. Columbia Univ.</u>, 224 F.3d 33, 41 (2d Cir. 2000)(quoting Fleming James, Jr. & Geoffrey C. Hazard, Jr., <u>Civil Procedure</u> 150 (2d ed. 1977)).

In support of its motion, Defendant has filed a Notice of Motion, a Memorandum of Law, and a "Statement of Undisputed Material Facts In Support of Defendant's Motion for Summary Judgment" as required by the Northern District of New York's Local Rule 7.1. <u>See</u> N.D.N.Y.L.R. 7.1(a),[1] (a)(3).[2] Defendant's Local Rule 7.1(a)(3) Statement ("Def. L.R. 7.1 Stat.") is properly supported.[3] In opposition, Plaintiff, who is represented by counsel, filed only his own affidavit with several letters attached. <u>See</u> dkt. # 11. Plaintiff filed no opposing Memorandum of Law or any responsive Statement of Material Facts as required by the Local Rules. <u>See</u> N.D.N.Y.L.R. 7.1(a), (a)(3).[4]

---

[1] Local Rule 7.1(a) provides that "all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties."

[2] Local Rule 7.1(a)(3) requires a party moving for summary judgment to submit a "Statement of Material Facts" which

> shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits.

N.D.N.Y.L.R. 7.1(a)(3).

[3] Defendant has filed an affidavit and exhibits in support of the factual contentions contained in its Local Rule 7.1(a)(3) Statement.

[4] Local Rule 7.1(a)(3) requires that once a moving party submits a properly supported Statement of Material Facts, the party opposing summary judgment

> shall file a response to the [movant's] Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered paragraphs. Each denial shall set forth a specific citation to the

3

The Court declines to guess at Plaintiff's legal theories or to sift through his affidavit and attachments in an effort to find disputed questions of material fact. See Amnesty America v. Town of West Hartford, 288 F.3d 467, 470 (2d Cir. 2002)("We agree with those circuits that have held that FED. R. CIV. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.")(citations omitted); Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 291 (2d Cir. 2000)(The Court's Local Rules require the parties "to clarify the elements of the substantive law which remain at issue because they turn on contested facts" and the Court "is not required to consider what the parties fail to point out.")(internal quotation marks and citations omitted). Rather, the Court deems the properly supported allegations in Defendant's L.R. 7.1 Statement admitted for purposes of this motion. See N.Y. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 648-49 (2d Cir. 2005)(upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitting a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations."); Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir. 1998)(per curiam)(accepting as true material facts contained in unopposed local rule statement of material facts); Meaney v. CHS Acquisition Corp., 103 F. Supp.2d 104, 108 (N.D.N.Y. 2000)(deeming

---

record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. <u>Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party</u>.

Id. (emphasis in original).

movant's Rule 7.1(a)(3) Statement admitted where non-movant's response "set forth *no* citations – specific or otherwise – to the record")(emphasis in original); McKnight v. Dormitory Auth. of State of N.Y., 189 F.R.D. 225, 227 (N.D.N.Y. 1999)(McAvoy, J.)("deem[ing] the portions of Defendants' 7.1(a)(3) statement that are not specifically controverted by Plaintiff to be admitted"); Osier v. Broome County, 47 F. Supp.2d 311, 317 (N.D.N.Y. 1999) (McAvoy, J.)(deeming admitted all facts in defendants' Rule 7.1(a)(3) statement where "plaintiff submitted thirteen pages of purported facts without any indication where those facts can be located in the record").

Inasmuch as all of the allegations in Defendant's L.R. 7.1 Statement are properly supported with record citations, Defendant's L.R. 7.1 Statement is adopted in its entirety. Even though the facts are uncontested, the Court nonetheless construes them in the light most favorable to Plaintiff, and resolves all ambiguities and draws all reasonable factual inferences in Plaintiff's favor. Michalski v. The Home Depot, Inc., 225 F.3d 113, 115 (2d Cir. 2000).

## III. BACKGROUND

Familiarity with the contents of Defendant's L.R. 7.1 Statement is presumed, and the Court will repeat only those facts that are pertinent to the instant Decision and Order.

Defendant issued policy number 22 UUV DF7694 ("the Policy"), effective June 1, 2001 to June 1, 2002 to Plaintiff for certain personal property and equipment located at RD#1, Jefferson, New York 12093 ("Insured Location"). Def. L.R. 7.1 Stat. ¶ 1. The Policy provides, subject to its terms, certain limited coverage for (1) personal property under the Property Choice Coverage, and (2) equipment under the Commercial Inland

Marine Coverage, located at the Insured Location. Id. ¶ 2.  With respect to both the Property Choice Coverage and the Commercial Inland Marine Coverage, the Policy contains a two-year suit limitation. Id. ¶¶ 5-7.

"On October 17, 2001, Mr. Van Loan sustained a fire loss at the Insured Location, and had first knowledge of the loss or damage on that date, and reported the claim that is the subject of this lawsuit to Hartford on or around that date." Id. ¶ 8.  From the date of the fire, Plaintiff was represented by a Public Adjuster, InterClaim Worldwide Claims Consultants ("InterClaim"), in the presentation of the claim. Id. ¶ 9.  On October 20, 2001, Defendant acknowledged receipt of the claim and reserved all of its rights in connection with the investigation of the claim. Id. ¶ 10.  On October 26, 2001, Defendant advised Plaintiff and InterClaim that the Policy did not provide any coverage for the buildings that were damaged by the fire. Id. ¶ 11.  Defendant "thoroughly investigated the claim presented, and made a $10,000.00 advance payment." Id. ¶ 12.  However, Plaintiff and InterClaim "were slow in presenting the claim and supports therefor." Id. ¶ 13.

On June 6, 2003, Defendant provided InterClaim "a complete calculation of the claim presented as adjusted by Hartford."  Id. ¶ 14.  Defendant asked InterClaim to review the calculation and contact Defendant to discuss the loss in detail. Id. ¶ 15.  On September 29, 2003, Defendant wrote to InterClaim to follow up on the claim calculation and "to see if there was agreement on the calculation and if the claim might then be concluded."  Id. ¶ 16.

On December 11, 2003, Defendant again wrote to InterClaim and Plaintiff and advised them "that because the two-year suit limitation had passed, Hartford was closing its file."  Id. ¶¶ 17-18. Neither Plaintiff nor anyone acting on his behalf, including

6

InterClaim, ever requested an extension of the suit limitation under the Policy. Id. ¶ 19. Neither Plaintiff nor anyone acting on his behalf, including InterClaim, contacted Defendant in response to the December 11, 2003 letter or the notification of Defendant's reliance on the suit limitation until August 8, 2005. Id. ¶ 20. Plaintiff commenced suit for recovery under the Policy on September 9, 2005, over three (3) years and ten (10) months after the fire. Id. ¶ 21.

## IV. DISCUSSION

The Policy contains a valid and enforceable two-year limitations period in which to commence suit for alleged breach of the terms of the Policy. See Def. L.R. 7.1 Stat. ¶¶ 5-7; see also N.Y. Ins. Law § 3404(e)(imposing a standard 24-month limitations period for fire insurance policies in New York) ; N.Y.C.P.L.R. § 201 ("An action . . . must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement."); Schunk v. New York Centr. Mut. Fire Ins. Co., 237 A.D.2d 913, 914 (4th Dep't 1997) ("The breach of contract cause of action is also barred by the provision in the policy requiring that an action be commenced within two years after the date of the loss.   Such limitations periods are enforceable.") (citing cases); Van Hoesen v. Pennsylvania Millers Mut. Ins. Co., 86 A.D.2d 733, 733 (3rd Dep't 1982)(The 2-year policy limitation imposed pursuant to former N.Y. Ins. Law § 168(5), now N.Y. Ins. Law § 3404, is constitutional and valid.).  It is undisputed that Plaintiff was aware of the fire loss on October 17, 2001.  It is also undisputed that neither Plaintiff nor anyone acting on his behalf ever requested an extension of the suit limitation under the Policy, and that Plaintiff commenced suit for recovery under the Policy on September 9, 2005.

The action was commenced more than a year and ten months after the suit limitation under the Policy expired, and Plaintiff has provided no legal or factual basis to apply any exception to this limitations period.  At most, Plaintiff relies upon inadmissable hearsay in an apparent attempt to create a question of fact as to whether the limitations period should be strictly applied. See Van Loan Aff. ¶ 7 ("I was continuously told by Interclaim that they were negotiating this claim with Hartford."); ¶ 8 ("I was told by Interclaim, at the time this action was commenced, that the Hartford's representative stated . . . that they had misplaced the claim . . . .").  Because hearsay is insufficient to defeat a properly supported motion for summary judgment, and because the Court declines to guess at what legal theory Plaintiff is attempting to support with the hearsay, the Court finds no reason to toll the expiration of the contractual limitations period. See Near v. Nationwide Mut. Fire Ins. Co., 17 A.D.3d 331, 331  (2nd Dep't 2005);[5] Van Hoesen, 86 A.D.2d at 733.[6]  Therefore, Defendant's motion for summary judgment must

---

[5] In Neary the Second Department held:

The defendant sustained its initial burden of demonstrating its entitlement to summary judgment by presenting evidence that this action was commenced after the two-year limitations period contained in the subject insurance policy had expired.  Thus, the burden shifted to the plaintiffs to aver evidentiary facts establishing that the case at hand falls within an exception to the limitations period. However, the plaintiffs' submissions failed to raise a triable issue of fact as to whether the defendant waived its right to rely upon the protection of the contractual limitations period, or should be estopped from asserting the limitations period as a defense because it engaged in conduct which lulled the plaintiffs into sleeping on their legal rights.

17 A.D.3d at 331 (citations omitted).

[6] In Van Hoesen, the Third Department wrote:

Nor do we find any support for plaintiff's further contention that summary judgment was improvidently granted because the misleading conduct of defendants required that the doctrine of estoppel be imposed. The supporting affidavit of plaintiff's attorney is conclusory and virtually devoid of evidentiary facts. The mere fact that settlement negotiations were conducted does not warrant an estoppel. Since there is no indication that defendants intended to settle the matter or that they had improperly lulled plaintiff into inactivity, neither defendant was estopped from raising the two-year

be granted. Near, 17 A.D.3d at 331.

## VI.  CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment is **GRANTED** and the action is **DISMISSED.**

**IT IS SO ORDERED.**

DATED: December 22, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

limitation provision.

86 A.D.2d at 733 (citations omitted).